Jeannine TROXELL, Plaintiff–Appellant,

v.

**FEDDERS OF NORTH AMERICA, INCORPORATED, Defendant–Appellee.**

No. 98–1665.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 4, 1998.

Decided Nov. 6, 1998.

Jerome J. Dobson (argued), Weinhaus & Dobson, St. Louis, MO, for Jeannine Troxell.

Patrick C. Hess (argued), Rosemarie J. Guadnolo, Horvath & Lieber, Chicago, IL, for Fedders of North America, Inc.

Before POSNER, Chief Judge, KANNE and DIANE P. WOOD, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

Even though service of process today has become more flexible than it once was, it is still a critical part of a lawsuit. It is a weighty matter to receive a formal summons from a court, demanding that one appear to defend the claims set forth in the attached complaint. Perhaps for that reason, federal and state courts alike continue to insist that defendants receive proper service before they are drawn into the litigation. In this case, Jeannine Troxell's effort to bring a suit under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, foundered when she failed to serve defendant Fedders of North America, Inc. (Fedders) within the time period prescribed by Fed. R. Civ. P. 4. Upon Fedders' motion, the district court dismissed the case under Rule 12(b)(5). Troxell concedes that she was late, but she has tried to persuade this court that the district court abused its discretion in refusing to extend the time for service, as it could have done under Rule 4(m). In our view, however, the district court reasonably chose not to do so,

and we therefore affirm the judgment of dismissal.

In January of 1995, Troxell filed a charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that Fedders had failed properly to accommodate her occupational asthma, that it had terminated her employment because of her disability and because she had complained to the Occupational Health and Safety Administration (OSHA), and that it had violated the relevant union contract. After the EEOC issued her a right-to-sue letter on June 26, 1996, she filed her complaint on July 19, 1996. On the same day, as permitted by Rule 4(d)(2), she mailed a copy of the complaint and a waiver of service form to Fedders' registered agent. Fedders never acknowledged receipt of those documents.

More than 240 days later, on March 17, 1997, Troxell effected personal service of the summons and complaint on Fedders' agent. Fedders responded with a motion to dismiss on the ground that Troxell had not served it within 120 days of filing the complaint, as required by Rule 4(m). Troxell opposed the motion with the argument that the court should extend the time for service because Fedders had intentionally evaded service. She pointed out that a dismissal would effectively be with prejudice, even though Rule 4(m) indicates that these dismissals are without prejudice, because the statute of limitations had since run. She also argued that Fedders would not be prejudiced by an extension of time. The district court decided that Troxell's reasons for late service did not add up to good cause for missing the 120–day deadline. It noted that Troxell had not even asked for the extension until after Fedders received the untimely service and filed its motion to dismiss.

In addition to specifying the 120–day period for service of process, Rule 4(m) states that "if the plaintiff shows good cause for the failure [to serve in a timely way], the court shall extend the time for service for an appropriate period." In form, this appears to require the district court to grant requested extensions of time, but the requirement

applies only if the plaintiff can establish good cause, and the determination whether good cause exists or not is one entrusted to the district court's discretion. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340–41 (7th Cir.1996); see also *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir.1997); *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir.1997). Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service. *Panaras*, 94 F.3d at 341; *Hendry*, 116 F.3d at 449. Because Troxell now concedes that she did not have good cause for the tardiness of her service, the latter rule governs her case.

If, as here, a district court properly sets out the relevant law and makes no factual findings that are clearly erroneous, an abuse of discretion exists only if its decision was arbitrary or unreasonable. See *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir.1996); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir.1995). This is a hard standard to overcome, especially where the court is simply exercising its judgment about whether to relieve a party from an unexcused (*i.e.* no good cause) failure to comply with the rules. Apart from noting that district courts are permitted to take factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service into account, Troxell offers no reason to think that the district court was completely off base in deciding not to rely on them here. The court knew that it had discretion over the matter; it evaluated Troxell's conduct (or, more accurately, that of her lawyer) as a whole; and it decided not to exercise its discretion in her favor.

We note also that Troxell was largely to blame for the late service. Rule 4(d)(2)(F) states in relevant part that the waiver form "shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent...." As Troxell's waiver form specified 30 days, Troxell knew no later than August 18, 1996, that Fedders intended to stand on its right to receive formal service. Nothing in Rule 4 obliges a defendant to execute a waiver of service. To the contrary,

the Rule explicitly says that "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)...." Rule 4(c)(1). Furthermore, Rule 4(d)(5) makes it clear that the only penalty a defendant like Fedders will suffer for insisting on formal service is an assessment against it of the costs of service. In other words, a defendant like Fedders that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege. Troxell's effort in this court somehow to blame Fedders for her problems because it refused to return the waiver form fundamentally misunderstands the system established by Rule 4.

Rule 4(d)'s provisions for inexpensive notification of a lawsuit accompanied by a waiver of service offer a useful alternative, and nothing we say should be seen as discouraging it. In the final analysis, however, the rule does not abolish a defendant's right to proper service of process. Perhaps this case will serve as a warning to lawyers to watch the time that has elapsed after they mail out a waiver form and to act promptly thereafter if the defendant proves uncooperative. Troxell's lawyer did not, and we hold that the district court did not abuse its discretion in refusing to grant her eleventh hour request for an extension of time.

The judgment of the district court is AFFIRMED.