**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES RALPH WHITSELL, JR.,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 99-5114
(D.C. No. 98-CV-0614-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Proceeding pro se, appellant James Ralph Whitsell, Jr. appeals the district court order dismissing his civil complaint without prejudice, for failure to comply with the requirements in Federal Rules of Civil Procedure 4(m), 12(b)(4), and 12(b)(5). We affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

BACKGROUND

Mr. Whitsell was denied public housing by the Tulsa Housing Authority on December 2, 1997. (See THA Letter, Dec. 2, 1997.) He subsequently filed a Housing Discrimination Complaint with the Oklahoma Human Rights Commission on June 30, 1998, alleging that the United States Department of Housing and Urban Development ("HUD") had discriminated against him in violation of his civil rights and other public laws. On July 15, 1998, the Oklahoma Human Rights Commission issued a letter to Mr. Whitsell stating that it refused to accept his complaint on the ground that the reasons given by HUD for denying Mr. Whitsell housing were valid. (See Human Rights Commission Letter, July 15, 1998.) Specifically, HUD had asserted that Mr. Whitsell was denied housing because he falsified his housing application by not including information about his prior criminal history and a delinquent utility bill. (See HUD Letter, Apr. 2, 1998.)

On August 17, 1998, Mr. Whitsell filed a complaint against the United States in the United States District Court for the Northern District of Oklahoma, alleging that he was being denied housing by the Tulsa Housing Authority in violation of his civil rights and other public laws. (See Complaint; Aple. Br. at 1.) On April 28, 1999, the district court granted the United States' Motion to Dismiss, without prejudice, pursuant to Federal Rules of Civil Procedure 4(m),

12(b)(4), and 12(b)(5). The district court found that Mr. Whitsell had failed to serve the United States with a copy of his complaint within 120 days, and had not shown good cause for that failure to serve. See Whitsell v. United States, No. 98-CV-614-K (N.D. Okla. Apr. 28, 1999).

DISCUSSION

The decision to dismiss a complaint under Rule 4(m) for failure to serve a defendant within the 120-day time limit, and lack of good cause shown for that failure, is a matter within the district court's discretion. Thus, we review that decision under an abuse of discretion standard. See Troxell v. Fedders of North America, Inc., 160 F.3d 381, 382-83 (7th Cir. 1998). An abuse of discretion exists if the judgment was "arbitrary, capricious, whimsical, or manifestly unreasonable." Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir. 1999) (quoting FDIC v. Oldenburg, 34 F.3d 1529, 1555 (10th Cir. 1994)).

Rule 4(m) of the Federal Rules of Civil Procedure requires that a plaintiff serve a defendant with a copy of the summons and complaint within 120 days after filing the complaint. If the plaintiff fails to do so and does not show good cause for that failure, the district court may dismiss the action without prejudice as to that defendant, or direct that service be effected within a specified time. See Fed. R. Civ. P. 4(m). Rules 12(b)(4) and 12(b)(5) allow a defendant to defend

against a claim on the grounds of insufficiency of process and insufficiency of service of process. See Fed. R. Civ. P. 12(b)(4), 12(b)(5).

We agree with the district court that the record shows that Mr. Whitsell filed his complaint on August 17, 1998, and did not properly serve the United States within 120 days. The record also does not indicate any good cause shown for the failure. Therefore, the district court's determination that service was not proper under Rule 4(m) was not an abuse of discretion. Similarly, because Rule 4(m) was not met, the district court was correct in finding that service was insufficient under Rules 12(b)(4) and 12(b)(5).

Mr. Whitsell incorrectly contends that the United States acknowledged in a November 5, 1998 motion that it was served by Mr. Whitsell on September 28, 1998. (See Pro Se Docketing Statement at 2.) The November 5th motion by the United States was a response to Mr. Whitsell's Motion for Default Judgment and Motion to Dismiss, which was served on the United States on October 22, 1998. In that motion, the United States asserted that it had not yet been properly served in the action, and that even if it had been properly served on or about September 28, 1998, default judgment was still improper because the United States' sixty-day response time period had not yet expired. (See Def.'s Mem. Supp. Mot. Dismiss, at 2.) This does not amount to an admission by the United States that it was properly served by Mr. Whitsell.

Accordingly, we AFFIRM the order of the district court dismissing Mr.

Whitsell's claim without prejudice.[1]

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1]Mr. Whitsell has submitted several additional motions to this Court.  We find that he has provided insufficient legal and factual support for us to address these motions, and therefore we conclude they are without merit.