In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3117

Beverly Coleman,

Plaintiff-Appellant,

v.

Milwaukee Board of School Directors,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00 C 1174--Rudolph T. Randa, Judge.

Argued March 6, 2002--Decided May 20, 2002


   Before Posner, Evans, and Williams, Circuit
Judges.

   Posner, Circuit Judge.  The district
court dismissed this suit for want of
timely service. Fed. R. Civ. P. 4(m). The
plaintiff was a secretary employed by the
Milwaukee Board of School Directors, a
municipal agency that performs various
functions for the Milwaukee public
schools. Contending that the Board had
discriminated against her on account of
her race and retaliated against her for
complaining about the discrimination, she
brought this suit against the Board
claiming violations of Title VII and the
Thirteenth Amendment. She attempted to
serve the complaint, 115 days after
filing it, by leaving a copy of the
complaint and summons with an employee of
a subordinate unit of the Board. After
the Board moved to dismiss the suit on
the ground that it had not been properly
served, the plaintiff left with another
employee of the unit another copy of the
complaint together with a summons
addressed to the superintendent of the
Milwaukee public schools, who has an
office in the same building as the Board
but is not a member of the Board or its
employee, though the Board appoints and
has general supervisory authority over
him. See Wis. Code sec.sec. 119.32(1),
(2), 36.

Rule 4 provides two methods for serving a state or local government organization: delivering a copy of the complaint and summons to the organization's chief executive officer, or serving the complaint and summons in the manner prescribed by state law for serving such an organization. Fed. R. Civ. P. 4(j)(2). The Board, as it happens, has no chief executive officer, and as far as the method of service prescribed by state law is concerned, Wisconsin law is explicit that the complaint and summons must be served on both "the board president and the superintendent of schools." Wis. Code sec. 119.12(2). Neither was served; nor was either of the employees whom the plaintiff purported to serve authorized to accept service on behalf of either official. Neither was even employed in the office of the Superintendent of Schools. Service not having been accomplished within 120 days, the district judge dismissed the suit without prejudice, precipitating this appeal.

Rule 4(m) provides "that if the plaintiff shows good cause for the failure [to serve the defendant within 120 days], the court shall extend the time for service." Good cause means a valid reason for delay, such as the defendant's evading service. Geiger v. Allen, 850 F.2d 330, 333 (7th Cir. 1988); Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305-06 (3d Cir. 1995); Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991). There was nothing like that here. But the case law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline. Henderson v. United States, 517 U.S. 654, 662 (1996); Troxell v. Fedders of North America, Inc., 160 F.3d 381, 383 (7th Cir. 1998); Panaras v. Liquid Carbonic Industrial Corp., 94 F.3d 338, 341 (7th Cir. 1996); Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995); Petrucelli v. Bohringer & Ratzinger, GMBH, supra, 46 F.3d at 1305. Thus there is justifiable delay ("good cause"), but there is excusable neglect as well, as grounds for extension. In the first case, that of good cause, an extension is mandatory; in the second, that of excusable neglect, it is permissive, and the judge must be affirmed provided he did not abuse his discretion, that is, act unreasonably, in

deciding whether or not the plaintiff's delay was excusable. Troxell v. Fedders of North America, Inc., supra, 160 F.3d at 383; ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995).

Where as in this case the defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service, where indeed it is quite likely that the defendant received actual notice of the suit within a short time after the attempted service, and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit (it has run on the plaintiff's Title VII claim, though not on her Thirteenth Amendment claim), most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships. But the cases make clear that the fact that the balance of hardships favors the plaintiff does not require the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule. It does not abolish his discretion. Abuse of discretion "is a hard standard to overcome . . . . Troxell offers no reason to think that the district court was completely off base in deciding not to rely on them [permitted factors in exercising discretion to extend the 120-day period] here. The court knew that it had discretion over the matter; it evaluated Troxell's conduct (or, more accurately, that of her lawyer) as a whole; and it decided not to exercise its discretion in her favor." Troxell v. Fedders of North America, Inc., supra, 160 F.3d at 383; see also De Tie v. Orange County, 152 F.3d 1109, 1112 n. 6 (9th Cir. 1998); Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 888 (8th Cir. 1996). Unlike the district judge in Panaras (see 94 F.3d at 341), the judge in the present case did not overlook any of the factors urged upon him by the plaintiff for exercising discretion in her favor.

The judge understandably was troubled by the fact that the plaintiff had delayed till almost the last minute in attempting service and then had failed not once but twice to serve the defendant in the

manner prescribed by Rule 4(j)(2). The plaintiff's lawyer could not reasonably have believed that she was serving the president of the Board even if she mistakenly believed that he was the Board's chief executive officer, or that she was serving the Superintendent of Schools when she attempted to serve an employee of the Board, the Board and the Superintendent being separate entities. In both attempts at service, the complaint and summons were deposited with employees in subordinate units of the Board, not in the office of the president of the Board, let alone in any office subordinate to the Superintendent of Schools.

In her brief in this court, the plaintiff advances for the first time a reason for waiting until the 115th day to attempt service. She had a related claim against the Board (a claim for disability discrimination) that she wished to fold into her suit, but she could not do that until she received her right-to-sue letter on that claim from the EEOC. If she had served the defendant in the present suit soon after filing the complaint, and the defendant had then answered promptly as it might well have done, she would have lost her right to file an amended complaint, containing the disability claim, without leave of court. See Fed. R. Civ. P. 15(a); Chavez v. Illinois State Police, 251 F.3d 612, 632 (7th Cir. 2001); Payne v. Churchich, 161 F.3d 1030, 1036 (7th Cir. 1998); Crim v. Board of Education, 147 F.3d 535, 547-48 (7th Cir. 1998).

This is not a good reason for the delay in service, since there was no real danger that the district court would have refused to let her amend her complaint, thus forcing her to file two separate discrimination suits arising out of the same employment. In any event, she failed to urge that or any reason on the district judge, who was left with the impression that the plaintiff's lawyer had had no reason at all for the riskydecision to delay service to the last minute. And then the lawyer failed twice to serve the defendant properly, with no even colorable justification either time. The district judge could still have excused the failure to make timely service but he was not required to do so, and so the dismissal of the suit

must be

Affirmed.


  Williams, Circuit Judge, concurring.  As the majority opinion makes clear, the district court did not abuse its discretion by dismissing Coleman's case for her failure to properly comply with Federal Rule of Civil Procedure 4, and so we must affirm its decision. Doing so, however, troubles me, given the circumstances of this case. As Judges Posner and Evans point out, there is no doubt that the defendants had notice of Coleman's suit and given the short statute of limitations governing Coleman's Title VII claim, I believe that the better course would have been to let the suit proceed. However, the district court considered all the reasons that Coleman raised in seeking an extension under Federal Rule of Civil Procedure Rule 4(m) and rejected them, so given our holding in Troxell v. Fedders of North America, Inc., 160 F.3d 381, 383 (7th Cir. 1998), I cannot find an abuse of discretion.


 EVANS, Circuit Judge, dissenting.  The bottom line here is that Beverly Coleman loses her race discrimination case on a technicality. Now it's admittedly hard to feel too sorry for her because she contributed to her predicament by waiting until close to the end of a 120-day period to get this case moving, and for that she has no one but herself (actually, her lawyer or her process server) to blame. But the law prefers that cases be resolved on their merits, not technicalities, and for that reason I would hold that the district judge abused his discretion when he decided not to give Ms. Coleman a few extra days to perfect service.

  If a defendant is a natural person, the service of process is easy. It gets a bit more complicated when the defendant is a corporation. When the defendant is a governmental entity, the service of process can get very tricky, and in this case it was not a walk in the park. Chapter 801 of the Wisconsin Statutes, entitled "Commencement of Action and Venue," is the starting point for

learning how to properly get a case going in Wisconsin. Section 801.11 covers the "manner of serving" a summons on almost everyone and everything. For instance, the statute tells us that in an action against a city, service on the mayor, city manager, or clerk will suffice. In an action against a technical college, service on the district board chairperson or the secretary will do. But there's a bit of a trap, because the Milwaukee School Board has its own service statute lurking three volumes away from Chapter 801 in sec. 119.12(2). That statute provides, as the majority notes, for service of a summons and complaint to be made on the president of the school board and the superintendent. Why both, when most all other entities allow service on either one person or office? Who knows. Logic, at least, does not seem to provide the answer.

So we start here with a unique service statute with which, I agree, Coleman did not comply. But what she did do was a "right church, wrong pew" sort of thing: she delivered her summons and complaint to the Milwaukee School Board's "Office of the Board of Governance." This office is in the headquarters of the school board, and for all we know it may be on the same floor as the offices of the board's president and superintendent. For this reason, the defendant school board (to its credit) does not hide the fact that it had prompt actual notice of Coleman's claim. And because it had actual notice, the board cannot in any way, shape, or form complain that it was prejudiced by Coleman's deficient service.

Given these circumstances--the preference for resolving cases on their merits, a very unique service law (unlike the simple service requirement the plaintiff blew in Troxell v. Fedders of North America, Inc., 160 F.3d 381 (7th Cir. 1998)), plus actual notice and no prejudice to the defendant--the district court, even if this did not add up to "good cause," should have given Coleman a little more time to dot her "i's" and cross her "t's." Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340-41 (7th Cir. 1996). I think most courts, given these circumstances, would have exercised discretion favorable to Ms. Coleman. And because her claim would be

(and is now) forever barred by a very short statute of limitations, I believe all but a tiny fraction of district courts would have exercised discretion favorable to Ms. Coleman. For these reasons, I would find an abuse of discretion and reverse the judgment of the district court.