Douglas E. HURST, Plaintiff–
Appellant,

v.

NAMES UNKNOWN, Defendants–
Appellees.

No. 02–1440.

United States Court of Appeals,
Seventh Circuit.

Submitted July 24, 2002.*

Decided July 31, 2002.

Before BAUER, RIPPLE, and
MANION, Circuit Judges.

## ORDER

Douglas Hurst appeals from the district court's dismissal of his complaint for failure to effect timely service upon defendants under Federal Rule of Civil Procedure 4. Hurst admits that he failed to serve the defendants within the prescribed time limit, but argues that the district court abused its discretion when it declined to give him additional time to serve the defendants. For the reasons that follow, we reverse and remand.

In June 1999, two police officers from the Champaign Police Department arrested Douglas Hurst, charging him with disorderly conduct. On June 21, 2001, one day before the applicable statute of limitations had lapsed, Hurst filed a complaint in federal district court alleging that the two unnamed police officers arrested him without probable cause and violated his constitutional rights. Three months later the district court issued a minute order warning Hurst that Federal Rule of Civil Procedure 4(m) required him to serve the defendants with a summons and complaint within 120 days of the filing of the complaint, or else his lawsuit would be subject to dismissal. When Hurst failed to pro-

* Defendants, who have not been served with process, have not participated in this appeal. After an examination of appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted for decision. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

vide the clerk with a summons by the appropriate deadline, the district court dismissed the case without prejudice.

Ten days later Hurst filed a motion to reconsider under Federal Rule of Civil Procedure 59, stating that at 10:00 p.m. on October 19, 2001—the 120th day after Hurst filed his complaint—defendants were properly served with the complaint and a request for waiver of service at their place of employment. In the motion Hurst also informed the court that the running of the statute of limitations would prevent his refiling the case. The district court, in response, advised Hurst that he must file the waiver of service before it would consider his motion to reconsider. *See* Fed. R.Civ.P. 4(d)(4). Two months passed and Hurst failed to produce the waiver, so in January 2002, the district court ordered him to file within 14 days some proof that the defendants had received service of process or else the court would deny his motion to reconsider. Three days later Hurst filed an affidavit entitled "Proof of Service" attesting that he hand-delivered "to the woman manning the front desk at the Champaign Police Department" the complaint and a request for waiver of service to Officers J. Cherry and B. Thomas, the previously unnamed defendants. The next day the district court ordered defendants to show cause why they failed to either appear or file a responsive pleading in the case.

On January 18, officers Cherry and Thomas filed a formal response stating that they were not served with process and that Hurst's attempts to serve process failed to satisfy the requirements set forth in Federal Rule of Civil Procedure 4(c) or 4(e). Moreover, they asserted, Hurst lacked good cause for failing to timely serve them with process because almost a year before filing his complaint Hurst obtained copies of his arrest records, which disclosed the arresting officers' names and badge numbers. At a hearing on that same day, the district court permitted Hurst to respond orally to these allegations. Hurst explained that it never occurred to him to look at his arrest records to find the officers' names, and that his attempt to serve the defendants had been in good faith because he had thought that he was complying with the service requirements. After hearing testimony, the court denied Hurst's motion to reconsider and upheld the order dismissing the case "for violations of the provisions of Federal Rule of Civil Procedure 4."

On February 6, 2002 Hurst moved for reconsideration of the January 18 order of dismissal, but because Hurst filed the motion more than 10 days after entry of the judgment, the motion was denied. *See* Fed. R.Civ.P. 59(e). Hurst then filed a timely notice of appeal on February 19, 2002.[1]

Rule 4(m) allows a district court to dismiss a case without prejudice if a plaintiff fails to perfect service of the summons and complaint upon a defendant within 120 days after filing the complaint, if the plaintiff cannot show good cause for the failure, and if the court provides the plaintiff with notice that the case faces dismissal. *See* Fed.R.Civ.P. 4(m). The plaintiff bears the burden of showing good cause, *see Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir.1988), which when adequately demonstrated obligates the district court to extend the time for service, *see Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340 (7th Cir.1996). Finally, absent a showing of

---

**1.** Although February 19 was actually 32 days after entry of the final judgment, the notice of appeal was nevertheless timely filed because the thirtieth day fell on a Sunday, and Monday, February 18, 2002 was a legal holiday. *See* Fed. R.App. P. 4(a)(1)(A); Fed. R.App. P 26(a)(3).

good cause, a district must still consider whether it will exercise its discretion to grant the plaintiff a time extension in which to effect service. *See* Fed.R.Civ.P. 4(m); *Henderson v. United States,* 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996); *Panaras,* 94 F.3d at 341.

Hurst admits that he failed to accomplish service within the 120–day period established in Rule 4(m). On appeal he advances two principle arguments for reversing the dismissal of his case. First, Hurst contends that the district court failed to provide him with notice that his case faced imminent dismissal. But this argument is frivolous because the record clearly shows that the district court properly provided Hurst with notice on September 12, 2001, more than one month before the expiration of the 120–day time-limit for service. Second, Hurst argues that the district court abused its discretion because it failed to adequately articulate its reasons for dismissing the case. More specifically, the district court failed to indicate that it considered either whether good cause for the delay in timely service existed or whether Hurst deserved a permissive time extension.

Appellate review of the district court's decision is deferential, and if a district court "properly sets out the relevant law and makes no factual findings that are clearly erroneous, an abuse of discretion exists only if its decision was arbitrary and unreasonable." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir.1998). Ordinarily this is a difficult standard to overcome, but here the district court gave only scant reasoning for dismissing Hurst's case: "The case is dismissed for violation of the provisions of Federal Rule of Civil Procedure 4." Not only did the district court fail to invoke subsection 4(m), but it also failed to explicitly determine whether or not Hurst demonstrated good cause. Moreover, assuming that Hurst failed to show good cause, the record before us does not reflect whether the district court realized that it could nevertheless exercise its discretion to grant Hurst an extension of time to perfect service. *See Henderson,* 517 U.S. at 662–63 (noting that the 1993 amendments to Rule 4(m) grant courts discretion to enlarge the 120–day period even when plaintiff fails to show good cause). The district court's failure to "clearly consider, in the absence of good cause, whether a permissive extension of time for service was warranted" forces us to conclude that the district court abused its discretion in summarily dismissing Hurst's case. *Panaras,* 94 F.3d at 341.

On remand the district court should consider whether Hurst met his burden of establishing good cause for failing to effect service, and, if not, whether a permissive extension of time is warranted. Some factors the district court may want to consider when deciding how to exercise its discretion include whether the applicable statute of limitations would bar refiling the case and whether the defendant evaded service or concealed a defect in attempted service. *See* Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments; *Panaras,* 94 F.3d at 341. Other relevant factors include prejudice to the defendant, and whether defendants received actual notice of the lawsuit within a short time after the attempted service. *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir.2002).

For the foregoing reasons the judgment of the district court is REVERSED. We REMAND to the district judge for reconsideration in light of this order.