**Roy POST, Plaintiff–Appellant,**

v.

**Jerry D. GILMORE, et al.,
Defendants–Appellees.**

No. 01–3268.

United States Court of Appeals,
Seventh Circuit.

Submitted March 25, 2004.*

Decided March 25, 2004.

Roy Post, Youngstown, OH, for Plaintiff–Appellant.

Nadine J. Wichern, Bryan J. Rose, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendants–Appellees.

Before Hon. RICHARD A. POSNER, Hon. DIANE P. WOOD, and Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

## ORDER

Roy Post, an Illinois inmate, sued several of the state's correctional officers and officials under 42 U.S.C. § 1983 for violations of his constitutional rights. After five amended complaints, several motions to dismiss, and a lengthy discovery dispute, the defendants prevailed on summary judgment. Post appeals only the district court's handling of discovery and its decision to allow the defendants to file an untimely answer to his final complaint. We affirm.

This protracted litigation began in May 1996 when Post, then incarcerated at the Pontiac Correctional Center, filed a 79–page complaint in district court. After Post twice amended his complaint, the court allowed him to proceed on claims that the defendants censored his reading materials, denied him access to the courts, and were deliberately indifferent to his medical needs. After two more amended complaints (his fourth and fifth), Post was

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

ordered to file a more definite statement of his case, which the defendants moved to dismiss for failure to state a claim. In April 1999 Judge Mihm granted the motion in part, but denied it as to a claim that prison officials failed to protect Post from other inmates. The defendants answered the complaint two weeks later. Then in November 1999, Judge Mihm vacated the April 1999 order (the record does not reflect why), finding that Post had stated claims for censorship of his reading materials, denial of access to the courts, and deliberate indifference to his medical needs. Judge Mihm reinstated these claims but granted summary judgment to the defendants on Post's failure-to-protect claim.

Meanwhile a discovery dispute had arisen. Post requested the production of 57 documents; the defendants partially complied but sought an order of protection because they objected to nearly half of Post's requests. To resolve the discovery dispute, Judge Mihm conducted a conference call on February 2, 2000; according to a lone entry on the docket sheet, counsel for the defendants was "to provide agreed information from today's hearing within thirty days." Post later moved for a default judgment, arguing that the defendants had not complied with his discovery requests, but the motion was denied. After Post moved several times to compel and requested sanctions for failing to comply with discovery, Judge Baker–to whom the case had been transferred–ordered the defendants to review their discovery responses and grant Post access to his prison file. The defendants eventually complied.

Then in a strange procedural twist, the defendants moved the court in January 2001 for leave to answer Post's fifth amended complaint. They apparently had never answered Post's latest complaint af-ter Judge Mihm vacated his dismissal of Post's claims in November 1999–some fourteen months earlier. Due to the procedural complexity of the case, they asserted, they had overlooked the fact that they never submitted an answer after the court reinstated three of Post's claims. Judge Baker granted the motion and the defendants filed their answer. Both parties moved for summary judgment, which Judge Baker granted to the defendants on all claims.

On appeal, Post first challenges the district court's decision to grant the defendants leave to answer his fifth amended complaint fourteen months after it was due. The court should have granted summary judgment in his favor, he argues, because the defendants' failure to timely answer effectively served as their admission to each of his allegations. *See* Fed. R.Civ.P. 8(b).

■ A district court may allow a party to file an untimely response provided that the failure to act was the result of excusable neglect. Fed.R.Civ.P. 6(b). We review for an abuse of discretion the court's decision to accept an untimely answer, and we must affirm the decision unless the court acted unreasonably. *See Coleman v. Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 934 (7th Cir.2002). The court here did not act unreasonably. The court accepted the defendants' explanation that the delay was due to an oversight–one shared by Post and the court–that an answer was required for the claims that had been newly reinstated by the court's November 1999 order. Such an oversight is understandable considering the confusing circumstances surrounding the reinstatement of Post's claims. Moreover, Post does not assert that he was harmed by the delay, and we find it hard to imagine how he could have been harmed when everyone assumed that the defendants continued to deny the es-

sence of his claims and discovery and other pre-trial matters proceeded on that basis. *Cf. Isby v. Clark,* 100 F.3d 502, 504 (7th Cir.1996) (characterizing similar facts as "no harm, no foul situation"). We therefore conclude that the court did not abuse its discretion in allowing the defendants to answer Post's complaint.

■ Post also challenges the district court's handling of discovery. Post contends that at the conference call of February 2, 2000, Judge Mihm ordered the production of 57 documents; when the defendants did not provide them, he argues, Judge Baker erred by not enforcing this order and by denying his subsequent motions to compel their production. But district courts enjoy broad discretion in discovery matters; their decisions are reviewed only for an abuse of that discretion. *Packman v. Chicago Tribune Co.,* 267 F.3d 628, 646 (7th Cir.2001). We do not see any such abuse here. To begin, it is unclear that Judge Mihm ordered the production of all 57 requests; the minute order states only that the defendants were "to provide agreed information from today's hearing within thirty days." Additionally, Post has not identified how he was prejudiced by Judge Baker's refusal to compel the production of the missing documents or grant Post a wider scope of discovery. *See id.* at 646–47 (denial of discovery will not be overturned absent a "clear showing" of "actual and substantial prejudice").

AFFIRMED.