UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 10, 2006[*]
Decided April 13, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-3060

| | |
|---|---|
| MARY R. FOHNE,<br>　　　*Plaintiff-Appellant,*<br><br>　　v.<br><br>MIKE JOHANNS,[**]<br>Secretary of the UNITED STATES<br>DEPARTMENT OF AGRICULTURE,<br>　　　*Defendant-Appellee.* | Appeal from the United States<br>District Court for the Southern<br>District of Illinois<br><br>No. 04-285-GPM<br><br>G. Patrick Murphy,<br>*Chief Judge.* |

**O R D E R**

*Pro se* plaintiff Mary Fohne sued the United States Department of Agriculture ("Department"), claiming employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  The district court dismissed

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), we have substituted the current Secretary of the United States Department of Agriculture, Mike Johanns, as the named respondent.

her suit for failure to timely complete service of process.  Fohne argues that the district court abused its discretion because it dismissed a meritorious suit on a technicality.  We affirm.

Fohne filed suit on April 26, 2004, pursuant to an EEOC right-to-sue letter, moving at the same time for leave to proceed *in forma pauperis* and for appointment of counsel.  The district court granted the motion to proceed *in forma pauperis* but denied the motion for appointment of counsel because Fohne failed to prove that she attempted to obtain counsel on her own.  The court directed the clerk of court to provide Fohne with a summons form and ordered Fohne to complete the summons so that the United States Marshal could serve process on the Department.  The court also warned Fohne that if service was not effected within 120 days of the date of the order, her case would be dismissed under Federal Rule of Civil Procedure 4(m).

Fohne continued to seek to have counsel appointed.  In May 2004, the district court denied her second motion for appointment of counsel, finding that she had diligently attempted to secure representation but concluding that her case was not so complex that she could not present it adequately herself.  In July Fohne moved for reconsideration, but the court denied this motion four days later.  She did not serve process on the Department until September 29, 2004, 22 days after the end of the 120-day period.

The Department moved to dismiss her suit, pointing out not only that her service was late but also that she failed to serve process on the United States Attorney General and the local United States Attorney's office, as required by Rule 4(i)(2)(A).  At a hearing on the motion in open court, the district court ascertained that Fohne had not *requested* service upon the United States Attorney General or the local United States Attorney and advised her that she was responsible for identifying the parties to be served by the Marshal.  The court gave her 45 days to remedy the defect in service, and later granted an additional 30-day extension, but warned her that failure to effect service by the new deadline would result in dismissal of her suit.

By expiration of this final deadline, however, Fohne still had not served, nor even requested service, on the United States Attorney General.  The district court granted the Department's renewed motion to dismiss the case, commenting that Fohne "disregard[ed]" her duty to serve the Attorney General despite having twice received extensions of the time for service.

We review the district court's decision whether to extend the time for service of process for abuse of discretion.  *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998).

On appeal Fohne argues that the balance of the equities compelled the district court to grant still another extension of time to permit her to rectify her "mistake." She contends that she acted in "good faith" and that the dismissal deprived her of a chance to vindicate a meritorious suit, whereas the Department would have suffered no harm from the delay. But even if we accept these contentions as true, she has offered no ground for reversing the court's decision. "[T]he fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by [Rule 4(m)]." *Coleman*, 290 F.3d at 934 (emphasis added).

Fohne also argues that the district court abused its discretion in dismissing her case because she substantially complied with Rule 4(i)(2)(A)—serving two out of three of the required defendants—and because she was entitled to lenient treatment of her procedural errors as a *pro se* plaintiff. However, "neither actual notice nor substantial compliance is sufficient to satisfy the requirements of Rule 4." *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). Moreover, Fohne did receive appropriately lenient treatment. The district court did not dismiss her case when she missed the original 120-day deadline; instead, the court held a hearing at which it explained her responsibilities for service of process, and it granted her two further extensions of time. The court also specifically warned her that she risked dismissal if she failed to comply with all of the requirements of Rule 4. Even a *pro se* plaintiff may not indefinitely evade the procedural rules. *See id.* at 818 (holding that pro se status did not "excuse" plaintiff from having to serve United States Attorney under Rule 4(i)(1)(B)).

The judgment of the district court is AFFIRMED.