NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 26, 2007[*]
Decided October 5, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 07-1653

| | |
|---|---|
| GABRIEL GRIFFIN and INEZ GRIFFIN, <br> *Plaintiffs-Appellants,* <br><br> *v.* <br><br> STATE OF WISCONSIN, et al., <br> *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 06-C-203 <br><br> Rudolph T. Randa, <br> *Chief Judge.* |

**O R D E R**

Inez Griffin and seven other residents of the City of Milwaukee, Wisconsin, filed a rather wide-ranging lawsuit claiming that state, county, and city officials violated their civil rights.  The district court dismissed the action after concluding that none of the defendants had been served properly.  Griffin and one other plaintiff filed a notice of appeal, but she alone filed a brief and thus is the only

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

appellant before us. *See Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (holding that *pro se* litigants may not proceed on behalf of another); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986). We affirm the judgment.

Griffin, who also goes by the name Isis Ariel Magdalah, was arrested in August 2004 at a public library in Milwaukee. Criminal charges were filed, but Griffin has not disclosed the nature or status of those charges. In the civil complaint, which was filed in February 2006, Griffin names as defendants a city police officer, an assistant city attorney, two assistant district attorneys, two Milwaukee County circuit judges, and a circuit-court commissioner. These defendants were personally involved in Griffin's criminal matter, but Griffin also names as defendants the State of Wisconsin and its governor and former attorney general, as well as the Milwaukee County Circuit Court, the City of Milwaukee, and the city's mayor and police chief. The remaining defendants are implicated only in claims brought by other plaintiffs and are not relevant to this appeal.

None of the appellees answered the complaint. The chief of police and the individual officer successfully opposed the plaintiffs' motion for a default judgment on the basis of defective service of process. The State of Wisconsin and its officials moved to dismiss on various grounds, principally immunity. That motion was joined by the assistant district attorneys, the judges, the court commissioner, and the Milwaukee County Circuit Court. The City of Milwaukee, its mayor, and the assistant city attorney also contested service of process and moved to dismiss on that ground. The district court granted that motion in January 2007 and, at the same time, ordered that by February 12 the plaintiffs either establish that they had served the complaint and summons on the remaining defendants or articulate good cause for any lapse in service. Failure to do so, the court warned, would result in dismissal of any unserved defendant. Instead of complying with this directive, the plaintiffs informed the court that their affidavits of service already on file with the clerk constituted sufficient proof of timely service of process. The district court rejected that contention and on February 15, 2007, dismissed the complaint as against the remaining defendants.

On appeal Griffin first contends that the district court erred in finding that the three affidavits submitted by the plaintiffs' process servers do not constitute proof of timely service of process. We review a dismissal for insufficiency of service of process for abuse of discretion. *See Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002); *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996). Griffin correctly notes that an affidavit is the proper form for proof of service, *see* Fed. R. Civ. P. 4(*l*), but a review of the record demonstrates that the plaintiffs' affidavits attest only to service of the *complaint*—not the summons. Federal Rule of Civil Procedure 4 requires that a plaintiff serve a summons and a

complaint upon each defendant and provide proof of doing so to the court. *See* Fed. R. Civ. P. 4(c)(1), (*l*). As the district court explained in its January 2007 order, the plaintiffs had provided proof of serving the defendants with a copy of the complaint but not proof of serving them with a summons. Because the affidavits the plaintiffs relied upon are inadequate, and because the district court identified the problem and gave the plaintiffs time to cure it, we cannot agree with Griffin that the court "refused to consider the record reflecting the [p]rocess [s]ervers' affidavits as it related to service." We find no error in the district court's review of the record in determining whether service of process was sufficient. *See Troxell v. Fedders of N. America, Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998) (holding that a district court did not abuse its discretion by refusing to extend the time for service of process where no good cause was shown).

Griffin also argues that the district court improperly denied the plaintiffs' request for a hearing on the sufficiency of service of process. We note that the district court complied with the notice provision of Rule 4(m) by informing the plaintiffs of its intention to dismiss the action absent proof of service of process or good cause. Rule 4, though, does not contemplate a mandatory hearing. *See* Fed. R. Civ. P. 4. Nor does Griffin cite any authority that would compel a district court to conduct a hearing. While a hearing may be appropriate where litigants have filed inconsistent affidavits regarding service of process, *see, e.g., Robinson Eng'g Co. Ltd. Pension Plan and Trust v. George,* 223 F.3d 445, 447-49, 453 (7th Cir. 2000), there is no requirement that a district court grant a plaintiff's request for a hearing on sufficiency of service of process under these circumstances. At the heart of Griffin's argument is the notion that the plaintiffs somehow were denied an adequate opportunity to persuade the district court that service of process was sufficient. Yet the district court gave the plaintiffs nearly four weeks to furnish additional proof of service of process or to articulate good cause for their failure to effect service. No hearing was required.

Finally, Griffin argues that at least some of the defendants waived any objection to the defective service of process by omitting that contention from their pre-answer motions to dismiss. A defendant must raise the defense of insufficiency of service of process in his or her first pre-answer motion under Federal Rule of Civil Procedure 12(b) or, if no motion is made, in his or her responsive pleading. *See* Fed. R. Civ. P. 12(h)(1); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 (3d ed. 2004). Otherwise the defendant waives the defense and thus consents to the personal jurisdiction of the court, unless the defendant was unaware that the defense was available at the time. *See* Fed. R. Civ. P. 12(h)(1); 5C Wright & Miller, *Federal Practice and Procedure* § 1391. Once the defendant has waived objections based on insufficiency of process, the district court cannot dismiss the suit for lack of personal jurisdiction. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993).

The City of Milwaukee, its mayor, and the assistant city attorney objected to the insufficiency of service of process in their pre-answer motion to dismiss, so we cannot agree with Griffin that these defendants waived their objections to the plaintiffs' deficient service of process. *See* Fed. R. Civ. P. 12(h)(1). And when it became clear to the district court that the chief of police and the individual police officer had not been served properly, the court was correct to dismiss the complaint sua sponte as to those defendants because they had not filed a pre-answer motion or a responsive pleading and thus had not waived the defense. *See* Fed. R. Civ. P. 4(m), 12(h)(1). But Griffin is correct that the State of Wisconsin, the governor, the former attorney general, the Milwaukee County Circuit Court, the assistant district attorneys, the judges, and the court commissioner all waived their objections by failing to include insufficiency of service of process as one of the grounds in their pre-answer motions to dismiss. *See* Fed. R. Civ. P. 12(h)(1); 5C Wright & Miller, *Federal Practice and Procedure* § 1391. Accordingly, their dismissal under Rule 4 was error.

That error, however, does not warrant a remand. We may affirm a judgment on any ground supported by the record, *see Omosegbon v. Wells*, 335 F.3d 668, 677 (7th Cir. 2003); *Payne v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998), and in this case the dismissal of Griffin's damages claims against the remaining defendants (we do not read the complaint to request any specific injunctive relief on Griffin's behalf) can be sustained on other bases.

Griffin's claims against the State of Wisconsin and the Milwaukee County Circuit Court (an arm of the state, *see* Wis. Stat. 753 (2005-06)) must fail because a state is not a "person" that can be sued under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989); *Kelly v. Mun. Cts. of Marion County, Indiana*, 97 F.3d 902, 907-08 (7th Cir. 1996); *Kaimowitz v. Bd. of Trs. of Univ. of Illinois*, 951 F.2d 765, 767 (7th Cir. 1991). Griffin's claims against the governor and the former attorney general of Wisconsin are barred as well because those defendants had no personal involvement and cannot be liable under a theory of respondeat superior. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). And Griffin's claims against the judges, the court commissioner, and the assistant district attorneys involve judicial or prosecutorial actions, so those defendants are absolutely immune from suit. *See* Wis. Stat. § 757.68 (authorizing appointment of court commissioners); Wis. SCR 75.02 (authorizing court commissioners to "perform limited judicial and quasi-judicial functions under the direction and authority of the chief judge and the judges of the circuit"); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 428-32 (1976); *Pierson v. Ray*, 386 U.S. 547, 554-56 (1967); *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (holding that quasi-judicial officers who "perform duties functionally comparable to those of a judicial officer" are immune from liability).

AFFIRMED.