NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2008[*]
Decided March 12, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-2659

| | |
|---|---|
| DAVID J. GODT, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Indiana, |
| | Fort Wayne Division. |
| *v.* | |
| | No. 1:06-CV-171 TLS |
| INTERNAL REVENUE | |
| SERVICE, et al., | Theresa L. Springmann |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

David Godt has not filed a federal income tax return in over fifteen years and owes more than $90,000 in unpaid taxes. When the Internal Revenue Service tried to collect, he brought this action, nominally a civil-rights suit against the agency and two of its employees but in reality an attempt to erase his tax debt on the tired premise that the Sixteenth Amendment does not authorize a direct tax on income. The lawsuit is patently

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

frivolous; a civil-rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is not an available remedy for the trivial wrongs allegedly committed by the individual defendants, *see Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999); *Cameron v. IRS*, 773 F.2d 126, 128-29 (7th Cir. 1985), and to the extent that Godt is trying to evade collection, the suit is barred by the Tax Anti-Injunction Act, 26 U.S.C. § 7421, *see, e.g., Barmes v. United States*, 199 F.3d 386, 390 (7th Cir. 1999). But rather than dismiss the suit on the merits, the district court dismissed under Federal Rule of Civil Procedure 4(i), which governs service upon the United States, its agencies, and its employees. Godt had neglected to send a summons and a copy of the complaint to the Attorney General of the United States and to the United States Attorney for the Northern District of Indiana, *see* FED. R. CIV. P. 4(i)(1), (2), and consequently the court dismissed the suit for insufficiency of service of process.

We review a dismissal on service-of-process grounds for abuse of discretion. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002); *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). If a district court "properly sets out the relevant law and makes no factual findings that are clearly erroneous, an abuse of discretion exists only if its decision was arbitrary and unreasonable." *Troxell*, 160 F.3d at 383. Here, the district court had a firm grasp of the relevant law: the judge recognized the command to extend time for service of process if good cause is shown. *See* FED. R. CIV. P. 4(m); *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). Finding no good cause for the delay (Godt offered none), the judge exercised her discretion to deny any further time to complete service of process. *See* FED. R. CIV. P. 4(m); *McLaughlin*, 470 F.3d at 700. That decision was neither arbitrary nor unreasonable. The court had notified Godt of the defective service before the time expired, and yet he still did not fix the problem. Moreover, the court recognized that enlarging the time for service would only prolong frivolous litigation. There is not a hint of abuse of discretion here.

The defendants ask that we sanction Godt for pursuing a frivolous appeal. *See* FED. R. APP. P. 38. Godt's primary contention in this lawsuit, that the Sixteenth Amendment does not permit a direct tax on income, is contradicted by nearly a hundred years of precedent. *E.g., Brushaber v. Union Pac. R.R. Co.*, 240 U.S. 1, 19 (1916); *Coleman v. CIR*, 791 F.2d 68, 70 (7th Cir. 1986); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984). The district court warned him on two separate occasions that his suit was frivolous. And we announced long ago—and reiterate all too frequently—that frivolous arguments of this sort will be met with sanctions. *E.g., United States v. Patridge*, 507 F.3d 1092, 1096 (7th Cir. 2007); *Kile v. CIR*, 739 F.2d 265, 269-70 (7th Cir. 1984). Accordingly, we grant the government's motion and order Godt to pay $4,000, the presumptive sanction for frivolous tax appeals. *See Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006).

The judgment is AFFIRMED.  The defendants' motion for Rule 38 sanctions is GRANTED, and it is ORDERED that Godt is sanctioned $4,000 for filing a frivolous appeal. Within fourteen days of the date of this order, Godt must tender a check to the clerk of this court, payable to the Internal Revenue Service, for the full amount of the sanction.  If Godt fails to pay the sanction by the due date, this court will enter an order directing the clerks of all federal courts in this circuit to return unfiled any papers submitted either directly or indirectly by or on behalf of Godt unless and until he pays in full the sanction that has been imposed against him.  *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995).