

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2008

# Himmelreich v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Himmelreich v. USA" (2008). *2008 Decisions.* Paper 851.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/851

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-243                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4737
_____

WALTER J. HIMMELREICH,

Appellant

v.

UNITED STATES OF AMERICA; COMMONWEALTH OF PENNSYLVANIA; US
DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, US
MARSHALS SERVICE; GEORGE W. HILL CORRECTIONAL FACILITY; RONALD
NARDOLILLO, Warden, George W. Correctional Facility; ANDREW SMYSER, United
States Magistrate Judge; COMMONWEALTH OF PENNSYLVANIA, OFFICE OF THE
ATTORNEY GENERAL; DELAWARE COUNTY PENNSYLVANIA OFFICE OF
THE DISTRICT ATTORNEY; GEORGE W HILL CORRECTIONAL FACILITY
RECORDS CLERKS; CARISSA TILLOTSON, JAMES CLANCY, US Attorney

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-06158)
District Judge:  Honorable Paul S. Diamond

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 26, 2008

Before: BARRY, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: July 11, 2008)

_____

OPINION
_____

PER CURIAM

Walter J. Himmelreich appeals from an order of the United States District Court
for the Eastern District of Pennsylvania, dismissing his pro se civil rights complaint for
failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). For the
following reasons, we will summarily vacate and remand the matter for further
proceedings.

Himmelreich commenced his civil rights action by submitting a complaint and an
application to proceed in forma pauperis ("IFP") in November 2005.[1] Although
Himmelreich filed two change of address notifications in April 2006, indicating that he
had been transferred to the Perry County Prison, the District Court failed to update its
records. As a result, Himmelreich did not receive notice in September 2006, when the
District Court granted his application to proceed IFP, filed his complaint, directed the
Clerk to issue a summons, and instructed the U.S. Marshals Service to serve the summons
and complaint upon the named defendants.[2] Likewise, Himmelreich did not receive the

_____

[1] Although the complaint was not entered on the docket until the District Court
completed its IFP review in September 2006, a copy of the complaint was sent to a
defendant in December 2005, along with an order directing a response to Himmelreich's
motion for a temporary restraining order.

[2] Indeed, the copy of the order that was sent to Himmelreich was returned to the
(continued...)

2

return of service forms (USM-285) that were sent to him in October 2006, November 2006, and January 2007.[3] It was not until February 2007 that the District Court ordered the Clerk's Office to update the docket to reflect Himmelreich's "new" address at FCI Elkton in Lisbon, Ohio.

By order entered July 6, 2007, the District Court ordered Himmelreich to make proof of service no later than August 6, 2007. In response, Himmelreich expressed his belief that service already should have been accomplished but, "erring on the side of caution," asked for additional USM-285 forms. By order entered July 30, 2007, the District Court ordered the Clerk's Office to furnish the forms and warned Himmelreich that the action would be dismissed if he did not make proof of service by September 25, 2007. When he failed to do so, the District Court dismissed the action for failure to serve the defendants within 120 days as required under Rule 4(m). Himmelreich filed a timely motion for reconsideration. He explained that he had prepared and mailed to the Clerk "handwritten return of service forms" and official USM-285 forms on August 1 and 2, 2007, respectively. By order entered December 7, 2007, the District Court denied the motion for reconsideration, noting that "another extension of time to file proof of service

_____

[2](...continued)
District Court with the notations, "unable to forward" and "not at this address."

[3] In a letter dated January 5, 2007, Himmelreich complained to the District Court that he had not received the forms. The letter was attached to a motion to voluntarily dismiss certain defendants. The District Court granted the motion to dismiss by order entered January 24, 2007, but the copy mailed to Himmelreich again was returned as "refused, unable to forward."

is not appropriate." Himmelreich appealed.

We have jurisdiction under 28 U.S.C. § 1291.[4] Rule 4(m) provides that the District Court shall dismiss the complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 120 days after the filing. See Fed. R. Civ. P. 4(m). A District Court must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time. See Petrucelli v. Bohringer & Ratzinger, GMHB, 46 F.3d 1298, 1307-08 (3d Cir. 1995). We review a dismissal pursuant to Rule 4(m) for an abuse of discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996).

After careful review of the proceedings in this case, we conclude that several factors warranted further extension of the time for service. The "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." MCI

---

[4] Although Rule 4(m) directs that the dismissal shall be without prejudice, we are satisfied that appellate jurisdiction exists because the statute of limitations on Himmelreich's claims has now run. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir.1993) (holding that Pennsylvania's two-year statute of limitations applies to claims for violations of constitutional rights pursuant to 42 U.S.C. § 1983); Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) (holding that an order dismissing a claim without prejudice is a final appealable order if the statute of limitations for that claim has expired).

Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Here, the District Court's failure to record two change of address notifications, even after orders mailed to Himmelreich's original address were returned as undeliverable, prevented him from submitting the forms necessary to permit service by the Marshals. See Lindsey v. U.S. R.R. Ret. Bd., 101 F.3d 444, 447 (5th Cir. 1996) (noting "view among our sister circuits that good cause is shown when in forma pauperis plaintiffs' failure to properly serve a defendant is attributable to government personnel who have improperly performed their duties."). Despite this obstacle, Himmelreich acted diligently in trying to effect service. See Bachenski v. Malnati, 11 F.3d 1371, 1376-77 (7th Cir. 1993) (holding that a plaintiff must show reasonable diligence before good cause can be found). He promptly informed the District Court of his address changes, he asked the District Court for USM-285 forms in January and July 2007, and he attempted to comply with the District Court's July 6, 2007 order by completing and submitting official and handwritten return of service forms. Furthermore, Himmelreich, who is proceeding pro se and IFP, reasonably believed that service had been effected because the defendants' attorneys had entered appearances. See Zermeno v. McDonnell Douglas Corp., 246 F. Supp. 2d 646, 667 (S.D. Tex. 2003) (finding good cause where, inter alia, it was not unreasonable for plaintiffs to believe that service had been properly effected). In this connection, the defendants had actual notice of the complaint; it was attached to a December 2005 order directing a response to Himmelreich's motion for a TRO. See Coleman v. Milwaukee Bd. of Sch.

Dirs., 290 F.3d 932, 934 (7th Cir. 2002) (noting that late service generally allowed where defendant has actual notice of suit, even if not formally served). Finally, as noted above, the statute of limitations would bar refiling of this case. See Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997) (holding that the "running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)").

Given these circumstances, the District Court's order dismissing the case for failure to effect timely service is vacated and the case is remanded for further proceedings consistent with this opinion.