**Daniel R. LUJANO, Plaintiff–Appellant,**

v.

**OMAHA PUBLIC POWER DISTRICT, Defendant–Appellee.**

No. 93–1075.

United States Court of Appeals, Eighth Circuit.

Argued June 17, 1994.

Decided Aug. 1, 1994.

---

Sandra Lee Dougherty, Omaha, NE, argued for appellant.

Mary Kay Frank, Omaha, NE, argued, for appellee.

Before ARNOLD, Chief Judge, WOLLMAN, Circuit Judge, and HAMILTON,* District Judge.

HAMILTON, District Judge.

Daniel R. Lujano brought this national origin discrimination action under 42 U.S.C. § 2000e against his former employer, Omaha Public Power District. Lujano appeals the district court's dismissal of his action for failure to serve Defendant within 120 days as required by Rule 4 of the Federal Rules of Civil Procedure. We reverse and remand for further proceedings.

On April 18, 1991, Lujano filed his original *pro se* complaint in the United States District Court for the District of Nebraska. On the same day, he filed an application to proceed *in forma pauperis* and a motion for appointment of counsel. The court granted his application to proceed *in forma pauperis* on April 18, 1991.

Former Local Rule 52 of the district court [1] required that all *in forma pauperis*

---

* The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Local Rules of the United States District Court for the District of Nebraska were amended and renumbered on January 4, 1993. Former Local Rule 52(E) provided in relevant part: "(1) Upon the receipt of an application for leave to proceed in forma pauperis, the clerk shall forward the application to the magistrate in the city in which the case should be filed for review pursuant to subsection C of this rule. (2) After the entry of an order pursuant to subsection C of this rule ..., the complaint or petition shall be forwarded to the magistrate in Lincoln for initial review. After making such review the magistrate may ...: (a) order the clerk to issue summons against the defendant or defendants, in which event the case shall be returned to the judge to whom it was assigned and shall proceed in the ordinary course; or (b) report to the court if the complaint or petition fails to establish subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), fails to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), is legally frivolous under 28 U.S.C. § 1915(d), and thereupon recommend dismissal; or ... (d) grant the plaintiff or petitioner leave to file an amended pleading in accordance with the directives of the magistrate ..."

cases be referred to a magistrate judge for an initial review. Accordingly, Lujano's complaint was referred to United States Magistrate Judge David L. Piester. The local rule permitted Magistrate Judge Piester to (1) order the clerk to issue summons against Defendant, (2) grant Plaintiff leave to amend his pleading, or (3) recommend dismissal for lack of subject matter jurisdiction or failure to state a claim, or because the complaint was legally frivolous. Lujano asked the clerk shortly after the referral about the status of his case, and was told that the lawsuit could not proceed until reviewed by the Magistrate Judge. Under Former Local Rule 52, the Magistrate Judge had sole authority to order the issuance of summons.

For some reason undisclosed in the record, Magistrate Judge Piester did not receive Lujano's file until July 28, 1992, over a year later. On July 30, 1992, the Magistrate Judge found that Lujano's complaint failed to state a Title VII claim and granted him leave to amend his complaint by August 31, 1992. Judge Piester deferred consideration of Lujano's motion for appointment of counsel.

Lujano filed an amended complaint on August 28, 1992. The Magistrate Judge issued an order on September 11, 1992, once again finding Lujano's pleading deficient and giving him a second opportunity to amend his complaint.[2] Judge Piester also appointed an attorney for Lujano, ordered the clerk to issue summons to plaintiff's counsel, and transferred the case back to the district court.

Lujano's attorney filed a second amended complaint on October 23, 1992, and promptly served Defendant by certified mail on or about October 27, 1992. Defendant moved to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. The district court granted the motion on December 10, 1992, after finding that service had not been effected within

120 days of the filing of the complaint, as required by Rule 4. Fed.R.Civ.P. 4. The clerk's statement to Lujano about the status of his case did not constitute good cause for the delay, the court held, since Lujano did not specifically inquire about service of process.

Lujano raises two issues on appeal: (1) whether Rule 4 even applies to a party proceeding *in forma pauperis* during the initial review period, and, assuming it does, (2) whether Lujano demonstrated good cause for his failure to serve Defendant within 120 days of the filing of his complaint. We review for an abuse of discretion. *C & L Farms, Inc. v. Federal Crop Ins. Corp.*, 771 F.2d 407, 409 (8th Cir.1985).

A party may apply to proceed *in forma pauperis* by filing an affidavit stating that he is unable to prepay court fees and costs. 28 U.S.C. § 1915(a). "The officers of the court shall issue and serve all process, and perform all duties in such cases." *Id.* § 1915(c). The court may appoint an attorney for the applicant, and may dismiss his case if it is frivolous or malicious. *Id.* § 1915(d). "Dismissals under section 1915 are to be made early in the proceedings, *before* service of process on the defendant ..." *Williams v. White*, 897 F.2d 942, 943 (8th Cir.1990) (emphasis in original).

Difficulties arise when the initial review of an *in forma pauperis* case takes longer than the 120 days allowed for service of process under Rule 4 of the Federal Rules of Civil Procedure. Former Rule 4(j),[3] which was in effect at the time Lujano's case was pending in the district court, provided in relevant part,

(j) **Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show *good cause* why such

---

2. The Magistrate Judge's Memorandum and Order states that "plaintiff has failed to allege facts sufficient to state a claim as against any defendant." Slip op. 1. Later, however, the Magistrate Judge states that "plaintiff has alleged facts sufficient to demonstrate his race played some part in the process that led to his termination," and that the "amended complaint ... satisfies the requirement of presenting the employment discrimination claim to the EEOC." *Id.* at 2.

We are uncertain what the Magistrate Judge actually concluded. It is clear, however, that the judge appointed counsel and directed the clerk to issue summons.

3. Rule 4 was amended and renumbered on December 1, 1993. The former Rule 4(j) is now Rule 4(m).

service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) (1992) (emphasis added).

We need not decide whether Rule 4 applies to a party proceeding *in forma pauperis* during the initial review period,[4] because even if it does, Lujano has demonstrated good cause for his failure to serve Defendant in a timely manner. Neither Rule 4(j) nor its legislative history defines "good cause." The sole example of good cause mentioned in the legislative history is evasion of service by the defendant. *Wei v. State of Hawaii,* 763 F.2d 370, 371 (9th Cir.1985), citing 1982 U.S.C.C.A.N. 4434, 4446 n. 25. Several Courts of Appeals have held that good cause requires at least excusable neglect. *Braxton v. United States of America,* 817 F.2d 238, 241 (3d Cir.1987); *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985). *See also Cox v. Sandia Corp.,* 941 F.2d 1124, 1125 (10th Cir. 1991) ("Although the standards for showing 'good cause' under Rule 4 and 'excusable neglect' under Rule 60 may not be identical, we do not find the outcome in this case affected by any distinction between these standards."). Excusable neglect in turn requires " 'good faith on the part of the party seeking an enlargement [of time] and some reasonable basis for noncompliance within the time specified in the rules.' " *Dominic v. Hess Oil V.I. Corp.,* 841 F.2d 513, 517 (3d Cir.1988), citing Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (1987).

Applying these standards, we find that Lujano demonstrated good cause for his failure to timely serve Defendant. He acted in good faith throughout the pendency of his lawsuit. He complied with the local rule by amending his complaint twice in accordance with the Magistrate Judge's order, and serving Defendant promptly after the Magistrate ordered the clerk to issue process. Lujano also inquired about the status of his case soon after it was referred to the Magistrate, and was told that the lawsuit could not proceed until the initial review was completed. Lujano therefore demonstrated a reasonable basis for his noncompliance with Rule 4(j), because the local rule permitted only the Magistrate Judge to order the issuance of summons, and the Magistrate Judge failed to do so within the first 120 days after the filing of the complaint.[5]

We conclude that the district court abused its discretion by dismissing Lujano's complaint for insufficient service of process. Accordingly, we reverse and remand to the district court for further proceedings consistent with this opinion.

---

4. Courts appear to differ on this question. *Cf. Le Grand v. Evan,* 702 F.2d 415, 417 (2d Cir.1983) (abuse of discretion to dismiss claim against one defendant for insufficient service before ruling on *pro se* plaintiff's application to proceed *in forma pauperis,* since plaintiff had neither the duty nor the right to issue and serve process) *with Boudette v. Barnette,* 923 F.2d 754, 757 (9th Cir.1991) (no abuse of discretion to dismiss *pro se* complaint for failure to request service of summons and complaint, even though plaintiff claimed he received no notice of order permitting him to proceed *in forma pauperis* ).

5. We note that the Advisory Note to Rule 4(m), which replaced the former Rule 4(j) effective December 1, 1993, provides that, "The district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." Fed.R.Civ.P. 4(m) advisory committee's note. Although this Advisory Note postdates the dismissal of Lujano's case, it is consistent with our decision.