# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2516

_____

B. L. Lewis, II,                                    *
                                                    *
        Appellee,                              *
                                                    *   Appeal from the United States
    v.                                         *   District Court for the
                                                    *   Western District of Arkansas.
MSM, Inc., doing business as Mercury   *   [UNPUBLISHED]
Communications Company,                      *
                                                    *
        Appellant.                             *

_____

Submitted: May 7, 2003
Filed: May 27, 2003

_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

MSM, Inc. (MSM) appeals an adverse jury verdict, as well as the district court's[1] denial of its motion to dismiss for insufficient service, in this action brought by B. L. Lewis, II, under state law. On appeal, MSM argues that the district court erred in denying its motion to dismiss for untimely service, and that it abused its discretion by allowing Lewis's counsel to question a witness about his business

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

activities and to comment on those activities during closing argument. After careful review of the record, we affirm.

We conclude that the district court properly denied MSM's motion to dismiss. See Broadus v. O.K. Indus., Inc., 226 F.3d 937, 941 (8th Cir. 2000) (de novo standard of review). The district court correctly applied Federal Rule of Civil Procedure 4(m)'s provisions for extending the time for service, see Hanna v. Plumer, 380 U.S. 460, 463-64 (1965), and it did not abuse its discretion in granting Lewis an extension, as he showed a good-faith attempt to effect timely service and thus demonstrated good cause for an extension, see Fed. R. Civ. P. 4(m); Lujano v. Omaha Pub. Power Dist., 30 F.3d 1032, 1034-35 (8th Cir. 1994).

We further conclude that the district court did not abuse its discretion in allowing Lewis to question the witness about his business activities, and that it did not plainly err in allowing counsel's unobjected-to statements during closing argument, because the testimony and comments were not so prejudicial as to influence unfairly the outcome of the trial. See Foster v. Time Warner Entm't Co., 250 F.3d 1189, 1197 (8th Cir. 2001); Alholm v. Am. Steamship Co., 144 F.3d 1172, 1181 (8th Cir. 1998).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.