# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1315

_____

| | | |
|---|---|---|
| Angelo Colasante, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Wells Fargo Corporation, doing | * | |
| business as Wells Fargo National | * | [UNPUBLISHED] |
| Home Equity Group, Inc., | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: October 24, 2003

Filed: November 20, 2003

_____

Before LOKEN, Chief Judge, LAY and HEANEY, Circuit Judges.

_____

PER CURIAM.

In June of 2000, Angelo Colasante filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging that he had been subjected to persistent unwelcome sexual advances by a female supervisor at his place of employment, Wells Fargo Bank, N.A. ("Wells Fargo"). On February 7, 2002, the EEOC granted Colasante an administrative release, giving him ninety days in which to file a civil action against Wells Fargo. See 42 U.S.C. § 2000e-5(f)(1). On May 7, 2002, one day before his federal right to sue on the claim was set to expire, Colasante filed a

complaint against Wells Fargo in the United States District Court for the Southern District of Iowa.[1]

On September 2, 2002, 118 days after filing the complaint, Colasante made arrangements with an out-of-state process server to serve Wells Fargo at its corporate headquarters in San Francisco. The process server did not effect proper service until 10:45 a.m. on September 5, 2002, 121 days after filing the complaint. Shortly thereafter, Wells Fargo filed a motion to dismiss the complaint as untimely pursuant to Fed. R. Civ. P. 4(m).[2] Following a hearing on Wells Fargo's motion, the district court determined that Colasante had demonstrated neither good cause nor excusable neglect for his failure to serve process within the 120 days mandated by Rule 4(m), and entered an order dismissing the complaint without prejudice. Since Colasante's right to sue under § 2000e-5(f)(1) had expired, however, the dismissal effectively terminated his claim against Wells Fargo. Colasante now appeals, and we affirm.

Under Rule 4(m), a district court must engage in a two-step analysis of motions to dismiss a complaint premised upon untimely service of process. First, it must inquire whether the plaintiff has demonstrated good cause for his failure to serve within the prescribed 120-day period. If the district court concludes that good cause

---

[1]The Honorable James E. Gritzner, United States District Court for the Southern District of Iowa.

[2]Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

is shown, it must extend the time for service. <u>See</u> Fed. R. Civ. P. 4(m) (stating that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period"); <u>see also</u> <u>Adams v. AlliedSignal Gen. Aviation Avionics</u>, 74 F.3d 882, 887 (8th Cir. 1996). Second, if good cause is not shown, the district court still retains the discretion to grant an extension of the time for service. <u>Adams</u>, 74 F.3d at 887. To warrant such a permissive extension, a plaintiff must demonstrate excusable neglect. <u>Coleman v. Milwaukee Bd. of Sch. Dirs.</u>, 290 F.3d 932, 934 (7th Cir. 2002). A district court's findings at each step of the analysis will not be set aside absent an abuse of discretion. <u>Adams</u>, 74 F.3d at 887.

Colasante argues that the district court erroneously concluded that he had not demonstrated good cause for his failure to timely serve Wells Fargo. In support of his claim, Colasante points to the following considerations: 1) Colasante's counsel often experienced difficulty in communicating with Colasante, as the latter lived in California and was involved in bankruptcy proceedings during the pendency of this litigation; 2) Colasante's failure to effect timely service was marginal, occurring only one day after the 120-day deadline; 3) Wells Fargo was aware of the existence of the lawsuit and would suffer no prejudice if an extension were granted; and 4) a dismissal would effectively terminate Colasante's claim.

There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m). It has been stated that "[a] showing of good cause requires at least 'excusable neglect'–good faith and some reasonable basis for noncompliance with the rules." <u>Id.</u> At its core, however, the standard of good cause, like many others in the law, is necessarily amorphous. Whether or not it has been satisfied is largely dependent upon the facts of each individual case. It is for this very reason that such a determination is entrusted to the sound and considerable discretion of the district court in the first instance.

Under the circumstances of this case, we cannot say that the district court's dismissal was an abuse of discretion. Upon questioning by the district court, Colasante could offer no legitimate reason why he waited until 118 days after filing the complaint to arrange for service of process. Although he made veiled references to communication problems with his attorney, Colasante conceded that he did not ask the district court for an extension of the deadline in which to serve Wells Fargo. Instead, Colasante stressed his reliance upon an out-of-state process server to see that service was made in a timely manner. This is insufficient to demonstrate good cause. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995).

We are similarly unable to say that the district court's conclusion that Colasante failed to demonstrate excusable neglect was an abuse of discretion. The district court carefully considered the reasons set forth by Colasante in support of a permissive extension of the deadline for service. Foremost among these was that a dismissal, while purporting to be without prejudice, would have effectively barred Colasante's claim against Wells Fargo. "However, 'the running of the statute of limitations does not require the district court to extend time for service of process.'" Adams, 74 F.3d at 887 (quoting Petrucelli, 46 F.3d at 1306). This is all the more true when the plaintiff can offer no legitimate reason for the untimely service of process.[3]

---

[3]During the hearing on Wells Fargo's motion to dismiss the complaint, Colasante admitted to the district court that:

> There are dynamics in the attorney-client relationship sometimes that make cutting it close a little too uncomfortable, and this is one of the occasions where, if I had a chance to do it over, I would get a more comfortable time frame in which to serve the defendant. Nonetheless, there was reliance upon a process server. I realize there are cases that say that's too bad . . . but I'm not going to lie to the court and try to come up with a good excuse. That's the facts as they are.

(Tr. of Hr'g at 11-12).

Where a dismissal without prejudice has the actual effect of terminating a plaintiff's claim, as is the case here, a strong argument may be made for a permissive extension, at least when such an extension would cause little or no prejudice to the defendant. Had the matter been addressed to us in the first instance, we may have granted Colasante a brief extension in the time for service. But it is not our duty to substitute our judgment for that of the district court. As Judge Posner has rightly stated:

> Where as in this case the defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service . . . , and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit . . . , most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships. But the cases make clear that the fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule. It does not abolish his discretion.

Coleman, 290 F.3d at 934. In this case, the district court found that Colasante's untimely service was attributable to an inattention to procedural rules, and we find nothing in the record to suggest otherwise.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

_____