# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2849

_____

| | | |
|---|---|---|
| Becky S. Kurka, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Iowa County, Iowa; | * | |
| Iowa County Sheriff's Department, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 20, 2010
Filed: December 15, 2010

_____

Before RILEY, Chief Judge, MELLOY and COLLOTON, Circuit Judges.

_____

RILEY, Chief Judge.

Becky S. Kurka appeals the district court's[1] denial of her motion to extend time to effect service of summons pursuant to Fed. R. Civ. P. 4(m), and the grant of Iowa County, Iowa, and the Iowa County Sheriff's Department's (collectively, the County) motion to dismiss. Kurka contends an extension was warranted because the Clerk of the United States District Court for the Northern District of Iowa failed to issue a

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

summons as directed by Local Rule 5.2g.2.[2]  The district court found Kurka did not demonstrate "good cause" to warrant a mandatory extension or "excusable neglect" to warrant a discretionary extension.  We affirm.

## I.  BACKGROUND

On July 31, 2008, Kurka commenced an action in the United States District Court for the Northern District of Iowa against the County, alleging gender discrimination and retaliation in violation of 42 U.S.C. § 2000e et seq.  Rule 4(m) required Kurka to serve process upon the County within 120 days of filing the complaint. Fed. R. Civ. P. 4(m).  The 120-day deadline expired November 28, 2008.

On December 11, 2008, Kurka's counsel contacted counsel for the County regarding the need to submit a joint discovery and scheduling order.  The County's attorney advised Kurka's counsel that the County was unaware of any court action. Kurka's counsel investigated and determined the clerk had not issued a summons as directed by Local Rule 5.2g.2.  After being prompted by Kurka, the clerk issued the summons on December 16, 2008.  The district court's docket did not record any activity in the case between Kurka filing her complaint on July 31, 2008, and the clerk issuing the summons on December 16, 2008.

After speaking with counsel for the County on December 11, 2008, Kurka's counsel submitted a proposed scheduling order and discovery plan (scheduling order) to the district court without input from the County's attorney.  In the scheduling order, Kurka's counsel averred "[c]ounsel have conferred and submit the following case information and proposed dates for case management," followed by detailed information regarding deadlines and the expected disposition of the case.  Kurka's counsel maintains he submitted the ex parte scheduling order on his signature alone to

---

[2]Local Rule 5.2g.2 states, "When a new case is filed, the Clerk of Court will deliver to the plaintiff a signed and sealed summons."

comply with the district court's deadline and the County's counsel did not object. Kurka's counsel further maintains he explained his reason for filing the ex parte scheduling order to a magistrate judge's law clerk. The district court doubted the truth of Kurka's counsel's explanation.

On December 17, 2008, Kurka filed a motion to extend time to effect service of summons, arguing good cause existed for extending the time because the clerk had not issued a summons as directed by Local Rule 5.2g.2. The County resisted Kurka's motion. Kurka's brief in support of her motion explained her delay in serving the County, but did not refer to Kurka's ex parte scheduling order. Kurka's counsel informed the district court that his office procedure was to wait for the summons from the clerk before arranging for service of process. Because the clerk did not issue the summons, Kurka's counsel's "ministerial procedure was never triggered."

Kurka indicates she began the process of serving the County immediately upon receipt of the summons, but had some difficulty because Kurka could not use the sheriff, the only process server in the county and a defendant in the case. Kurka's commercial process server from a neighboring county was unable to serve the County on Thursday or Friday due to a blizzard, but executed service the following Monday, December 22, 2008.

That same date, the County filed a motion to dismiss pursuant to Rules 4(l) and (m) and 12(b) for failure to serve timely process. Kurka filed her resistance on January 2, 2009. On March 30, 2009, the district court denied Kurka's motion to extend time and granted the County's motion to dismiss without prejudice.

Before analyzing Kurka's and the County's respective motions, the district court determined Kurka's scheduling order was "nothing more than a series of false representations to the court." Addressing the motions, the district court decided Kurka failed to show good cause or excusable neglect warranting a retroactive extension of

the time to serve the County. The district court found the clerk's error was not good cause for Kurka's extended inaction in the case because "a reasonable practitioner would not fail to place any redundancies in his internal office procedure such that he might completely forget about a case for almost five months."

With respect to excusable neglect, Kurka's counsel avers the statute of limitation applying to Kurka's discrimination claim had expired, barring Kurka from refiling. The district court found the excusable neglect decision was a closer matter than the good-cause decision and opined the court normally would be inclined to grant the extension because the clerk of court failed to issue a summons as the clerk is required to do, the County had notice of the suit prior to formal service, and dismissal without prejudice was presumably tantamount to dismissal with prejudice in light of the applicable statute of limitation. However, the district court found the facts of this case "highly unusual" because, in the district court's view, Kurka was not diligent following discovery of the error, and also "lie[d] to the court." As a result, the district court declined to exercise its discretion to extend the deadline and dismissed the case without prejudice to refiling.

Kurka filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or alternatively Fed. R. Civ. P. 60(b)(1) and 60(b)(6), which the district court denied. Kurka appeals.

## II.    DISCUSSION

Kurka argues the district court made erroneous factual findings and disregarded and misapplied applicable law, and wrongly dismissed her complaint for failing to serve the County within 120 days of filing her complaint. Under Rule 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides in relevant part,

-4-

**(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court [on motion of a defendant] must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Thus, under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996). To warrant a discretionary extension, the plaintiff must establish excusable neglect. See Colasante v. Wells Fargo Corp., 81 F. App'x 611, 613 (8th Cir. 2003) (per curiam) (unpublished) (citing Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 934 (7th Cir. 2002).

We review for abuse of discretion the district court's decision to dismiss an action for untimely service and to grant or deny an extension of time pursuant to Rule 4(m). See Adams, 74 F.3d at 887-88. We also review the district court's denial of a Rule 59(e) motion to alter or amend a judgment for abuse of discretion.[3] See Christensen v. Qwest Pension Plan, 462 F.3d 913, 920 (8th Cir. 2006) (citation omitted). "An abuse of discretion occurs where the district court fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors." Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 316 (8th Cir. 2009).

**A.    Good Cause**

Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase. See 4B Charles Alan Wright & Arthur R. Miller, Federal

---

[3]Kurka did not appeal the district court's denial of her Rule 60(b) motion.

Practice and Procedure § 1137 (3d ed. 2002); see also Colasante, 81 F. App'x at 613 ("There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)."). "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." Adams, 74 F.3d at 887. "[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." Wright & Miller § 1137, supra at 342.

> At its core, however, the standard of good cause, like many others in the law, is necessarily amorphous. Whether or not it has been satisfied is largely dependent upon the facts of each individual case. It is for this very reason that such a determination is entrusted to the sound and considerable discretion of the district court in the first instance.

Colasante, 81 F. App'x at 613.

Here, Kurka contends the clerk's failure to deliver the summons as required by Local Rule 5.2g.2, combined with Kurka's efforts to serve the County after discovering the error, constitute good cause warranting a mandatory extension. According to Kurka, in Lujano v. Omaha Pub. Power Dist., 30 F.3d 1032 (8th Cir. 1994), a panel of this court "adopted a test generally applicable to those situations where . . . a mistake of the Clerk played some part in [a delay in service]" whereby the district court should not "attempt to allocate 'fault' between the clerk and the

-6-

Plaintiff," but should grant relief if the plaintiff "is diligent in taking steps to rectify the situation."[4]  Kurka's expansive reading of Lujano is incorrect.

First, Kurka conflates the analysis of good cause for a mandatory extension and the district court's discretion to grant an extension in the absence of good cause. Under Rule 4(m), the district court must determine whether good cause exists for the plaintiff's failure to serve the defendant within the 120-day deadline, not whether good cause exists for an extension of time to complete service.  In determining whether good cause exists, the district court must focus primarily "on the plaintiff's reasons for not complying with the time limit in the first place."  Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (quotations omitted).

Kurka's efforts to serve the County after the 120-day time for service had expired, the lack of prejudice to the County, and the lethal effect of the statute of limitation are properly considered in determining whether the circumstances warrant a discretionary extension.  See, e.g., Rule 4, Advisory Committee Note to the 1993 Amendments, Subdivision (m) (discretionary relief may be justified if the statute of limitation would bar the refiled action); Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1133 (11th Cir. 2005) (finding notice to defendant, subsequent service and the running of the statute of limitation warranted discretionary extension); Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 934 (7th Cir. 2002) (evaluating whether actual notice, prejudice to the defendant and the effect of the statute of limitation running required a discretionary extension); Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995) (holding "a district court may not consider the fact that the statute of limitation has run until after [the court] has conducted an examination of good cause").

---

[4]The panel in Lujano applied Rule 4(j), which did not permit the district court to grant an extension absent good cause.

Second, the delay in issuing the summons in <u>Lujano</u> was only one of many factors that weighed in favor of finding good cause. In addition to the clerk's error, we noted Lujano, a pro se plaintiff proceeding in forma pauperis at the time, acted in good faith throughout the pendency of his suit and followed up with the clerk regarding the status of his case shortly after the clerk referred the case to the magistrate judge. <u>Lujano</u>, 30 F.3d at 1034-35. The clerk advised Lujano the case could not proceed until reviewed by the magistrate judge. <u>Id.</u> at 1034. Unlike Lujano, Kurka, represented by counsel, failed to take any action to follow up with the clerk or otherwise move the case forward before the 120-day deadline expired.

The district court acknowledged the clerk's error but determined Kurka did not demonstrate good cause because the clerk's error did not excuse Kurka's extended inaction in the case and her counsel's failure to establish counsel's own procedural safeguards to ensure Kurka met her crucial burden of timely service. We find no abuse of discretion in the district court's conclusion. Finding good cause based on the clerk's error alone, as Kurka suggests, would improperly shift the burden to effect service from the plaintiff to the clerk and undermine the purpose of Rule 4(m).

### B. Excusable Neglect

We have described excusable neglect as "an 'elastic concept' that empowers courts to" provide relief where a party's failure to meet a deadline is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." <u>Chorosevic v. MetLife Choices</u>, 600 F.3d 934, 946 (8th Cir. 2010) (reviewing excusable neglect under Fed. R. Civ. P. 6(b)) (quoting <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 392, 388 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" <u>Id.</u>

In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. See Pioneer Inv. Servs. Co., 507 U.S. at 395; In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 866 (8th Cir. 2007) (citation omitted). These factors do not bear equal weight as the reason for delay is generally a key factor in the analysis. See In re Guidant Corp., 496 F.3d at 867.

Because the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process, is implicated here, the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant. See Chorosevic, 600 F.3d at 947 (finding the denial of a motion to file out of time would have imposed on the appellees a severe penalty unmatched by any prejudice to the appellant). "However, 'the running of the statute of limitations does not require the district court to extend time for service of process.'" Adams, 74 F.3d at 887 (quoting Petrucelli, 46 F.3d at 1306); see also Colasante, 81 F. App'x at 613 (holding the district court did not abuse its discretion in finding no good cause or excusable neglect in the plaintiff's "inattention to procedural rules," even though dismissal without prejudice effectively barred plaintiff's claim).

In this case, the district court evaluated the record as a whole before denying Kurka's request for a discretionary extension. The district court considered the clerk's failure to issue the summons, Kurka's efforts before and after discovering her failure to serve process before the deadline, the notice the County received before formal service, the minimal prejudice to the County and the potential hardship to Kurka posed by the statute of limitation expiration. The district court determined the totality of the circumstances did not warrant a discretionary extension because, in the district

court's view, Kurka was not diligent following discovery of the error and was not forthright with the court about other matters.

Kurka asserts the district court abused its discretion because the decision to deny Kurka discretionary relief was not supported by the record and "the District Court's consideration of [the relevant] factors was a hollow exercise." Kurka maintains she did not make any false representations and, under the circumstances, serving the County within five days of receiving the summons undeniably demonstrated her diligence.

The district court considered the pertinent factors, including those Kurka contends warranted a discretionary extension. The district court described the facts as "highly unusual," which they are. We conclude the district court did not make any clearly erroneous factual findings in weighing the appropriate factors. Although the clerk's initial error, Kurka's efforts after discovering her failure to serve the County before the 120-day deadline, the minimal prejudice to the County, and the apparent dispositive harm to Kurka's case all favored granting Kurka a short discretionary extension, we are unable to conclude the district court abused its considerable discretion in denying such relief.

## III.  CONCLUSION
The judgment of the district court is affirmed.

_____