# United States Court of Appeals
## For the Eighth Circuit
_____

No. 12-1575
_____

Don Merceleany R. Maxwell

*Plaintiff - Appellant*

v.

Darryl Golden, Assistant Warden, Varner Unit, ADC; Douglas Allen, CO-1, Varner Unit, ADC; Phillip Gordon, Correctional Officer, Varner Unit, ADC; Sgt. Williams, Varner Unit, ADC; Lt. Wilson, Varner Unit, ADC; Ray Butler, CO-1, Varner Unit, ADC; Sherry Conrad, Mail Room Supervisor, Varner Unit, ADC; Cox, CO-1, Varner Unit, ADC; Jones, Correctional Officer, Varner Unit, ADC; Hurt, CO-1, Varner Unit, ADC; Corderro Davis, CO-1, Varner Unit, ADC; K. Tate, CO-1, Varner Unit, ADC; Letha Phillips, CO-1, Varner Unit, ADC; S. Brown, Treatment Secretary, Varner Unit, ADC; Ray Hobbs, Assistant Warden, Arkansas Department of Correction; Dexter Payne, Assistant Warden, McPherson Unit, ADC; Mary Chase, Mailroom Supervisor, McPherson Unit, ADC; Pat O'Brien, Circuit Clerk, Pulaski County; Does, Correctional Officer, Varner Unit; Arkansas Department of Correction Board Members; Pulaski County Circuit Court; Warden, McPherson Unit; Sgt. 1 & 2, Maximum Security Unit; and Assistant Director, Arkansas Department of Correction; Sharon Carter, Mailroom Supervisor, Maximum Security Unit, ADC; Larry May, Assistant Director, Arkansas Department of Correction; Michael Jackson, CO-1, Maximum Security Unit, ADC; Angelah Kennedy, CO-1, Maximum Security Unit, ADC; Peggy Green; Crockett, Sgt., Maximum, Security Unit, ADC; Jamarrick Scarbough, Maximum Security Unit, ADC; Deanne Jackson, CO-1, Maximum Security Unit, ADC; Eason, Maximum Security Unit, ADC; Sharon Penister, Sgt., Maximum Security Unit, ADC; Thomas, Sgt., Maximum Security Unit, ADC; Maple Adkins, Sgt., Maximum Security Unit, ADC; Angela Tyler, CO-11, Maximum Security Unit, ADC; Brandace Binns, CO-1, Maximum Security Unit, ADC; Leon Williams, CO-1, Maximum Security Unit, ADC; David White, Warden, Maximum Security Unit, ADC; Ray Diggs, CO-1, Varner Unit, ADC; Bonita Perkins

*Defendants - Appellees*

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: November 7, 2012
Filed: November 8, 2012
[Unpublished]
_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Inmate Don Maxwell/G-Doffee (Maxwell) appeals following the district court's orders granting summary judgment on some claims and dismissing others; and we find no basis for overturning all but one of these rulings. See 8th Cir. R. 47B. As to that ruling, for the following reasons we find that the district court abused its discretion in dismissing without prejudice, for lack of service, the retaliation claim against former Varner Unit correctional officer Cox.

First, we cannot verify the district court's statements about the certified mail receipt for Cox. See Norsyn, Inc. v. Desai, 351 F.3d 825, 829-30 (8th Cir. 2003) (dismissal for lack of service reviewed for abuse of discretion, but whether defendant has been properly served is reviewed de novo). Second, even assuming service was ineffective, we disagree that Maxwell–who as an in forma pauperis (IFP) litigant was entitled to rely on the United States Marshals Service (USMS) for service–failed to take appropriate action to see that Cox was served. See Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987) (IFP litigant is entitled to rely on service by USMS). As far as Maxwell knew, the USMS had been provided with all the information necessary to effect service (via address information filed under seal), and there was no

way for him to know that the docket entry reflecting successfully executed service on Cox was erroneous.  See Lindsey v. U.S. R.R. Ret. Bd., 101 F.3d 444, 446 (5th Cir. 1996) (once IFP plaintiff has taken reasonable steps to identify defendants, Fed. R. Civ. P. 4(c)(2) and 28 U.S.C. § 1915(d)–formerly § 1915(c)–stand for proposition that court is obligated to issue plaintiff's process to USMS, who in turn must effectuate service upon defendants); cf. Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286-88 & n.3 (11th Cir. 2009) (IFP litigant is entitled to rely on service by USMS, where failure of USMS to effectuate service is through no fault of litigant, but IFP plaintiff may not remain silent and do nothing when he has notice that service has not been made).  We also disagree that Maxwell ought to have inferred that service was unsuccessful simply because Cox had not answered the complaint.  Finally, based on the foregoing, Maxwell had good cause for failing to serve Cox–his pro se and IFP status, and his reasonable reliance on the erroneous docket entry–and thus he should have been provided additional time for the USMS to effect service.  See Kurka v. Iowa County, Iowa, 628 F.3d 953, 957 (8th Cir. 2010) (court should extend time for service for appropriate period if plaintiff shows good cause for failure to serve; whether standard of good cause is met is largely dependent upon facts of each case).  We thus reverse the dismissal of the retaliation claim against Cox, and we remand to the district court with instructions to order the USMS to attempt to serve Cox in compliance with relevant federal and Arkansas procedural rules.

_____