# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2605

_____

Andre Peer

*Plaintiff - Appellant*

v.

Tom Vilsack, Secretary, United States Department of Agriculture

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: June 9, 2014
Filed: June 25, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Andre Peer filed suit against Tom Vilsack, in his capacity as Secretary of the United States Department of Agriculture (USDA), alleging Vilsack had violated Peer's rights under 42 U.S.C. § 1985, 42 U.S.C. § 2000d, and the Equal Credit

Opportunity Act, 15 U.S.C. § 1691. The district court[1] dismissed Peer's complaint for failure to complete service of process. We affirm.

I

Peer filed suit against Vilsack on May 24, 2012. Peer sought several extensions between May 2012 and June 2013 to complete proper service upon Vilsack, the U.S. Attorney for the Eastern District of Arkansas, and the U.S. Attorney General. These extensions were sought because Peer was in settlement negotiations with the USDA. The district court granted Peer's extensions and told Peer to provide proof of service in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by May 10, 2013. Peer failed to provide proof of service by this deadline. On June 18, 2013, the district court entered an order requiring Peer to file proof of service by June 21, 2013, or Peer's complaint would be dismissed without prejudice.

Three days after the deadline Vilsack filed a motion for extension of time to file an answer. After that motion was filed the district court entered an order dismissing Peer's complaint, which denied Vilsack's motion as moot. Later that day, Peer filed proof of service on the U.S. Attorney and the U.S. Attorney General. After filing proof of service, Peer moved to set aside the order dismissing the case and requesting additional time to comply with the court's order if the court found the service was defective. The district court denied Peer's motion stating Peer's service of the U.S. Attorney was still deficient. Peer now appeals the order dismissing the case and the denial of the motion to set aside the order of dismissal.

---

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

II

A district court's dismissal of an action for untimely service and its decision to deny an extension of time to effect service of summons is reviewed for abuse of discretion. Kurka v. Iowa Cnty., Iowa, 628 F.3d 953, 957 (8th Cir. 2010). The denial of a motion to alter or amend a judgment is also reviewed for abuse of discretion. Id.

Under Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff must demonstrate good cause for failure to serve within the prescribed 120-day period. Colasante v. Wells Fargo Corp., 81 F. App'x 611, 612-13 (8th Cir. 2003). If good cause is not shown, the district court may grant an extension if the plaintiff demonstrates excusable neglect. Id. at 613.

The determination of good cause is entrusted to the sound discretion of the district court. Id. Good cause is likely shown when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person (typically the process server), the defendant has evaded service or engaged in misleading conduct, the plaintiff has diligently tried to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis. Kurka, 628 F.3d at 957. "A showing of good cause requires . . . some reasonable basis for noncompliance with the rules." Id.

Here, Peer has failed to show any of these circumstances were the reason he failed to complete service in timely fashion. The district court allowed multiple extensions for Peer to complete good service before it put a firm deadline on Peer to prove that service had been completed. Peer's failure to meet this deadline was simply due to his own negligence. Thus, the district court did not abuse its discretion in concluding Peer had failed to demonstrate good cause for his failure to complete service.

Since good cause was not shown, Peer must demonstrate that his failure to make timely service was due to excusable neglect. See Colasante, 81 F. App'x at 615. Factors to consider when evaluating whether neglect is excusable include: the possibility of prejudice to the defendant, the length of the delay and the potential impact on judicial proceedings, the reason for the delay (whether the delay was within the party's reasonable control), and whether the party acted in good faith. Kurka, 628 F.3d at 958. The reason for the delay is the key factor. Id.

Peer was directed by the district court to provide service in accordance with Rule 4(i), which he failed to do. The fact that Peer was engaged in settlement negotiations did not relieve him of his service obligation. Peer did not offer any sufficient explanation for the delay that would constitute excusable neglect.

"The district court must weigh the effect on the party requesting the extension against the prejudice to the defendant." Kurka, 628 F.3d at 958. Peer is significantly affected by the dismissal of his claim because it is now barred by the statute of limitations, but "the running of the statute of limitations does not require the district court to extend time for service of process." Adams v. Allied Signal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996). Vilsack was already on notice and asked for time to respond, so there was little prejudice to Vilsack. Although the difference in disparity is greatly favoring Peer, the district court gave Peer instructions and a reasonable time to provide proof of proper service. Peer failed to adhere to those instructions and offered no sufficient explanation for that failure. Thus, we conclude the district court did not abuse its discretion when it found there was no excusable neglect.

III

For the foregoing reasons, we affirm the district court.

_____