# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1796
_____

Dalton Donald Beyer

*Plaintiff - Appellant*

v.

Pulaski County Jail

*Defendant*

Stapleton, Officer

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: September 16, 2014
Filed: October 10, 2014
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Missouri inmate Dalton Beyer appeals the district court's Federal Rule of Civil Procedure 4(m) dismissal without prejudice of his 42 U.S.C. § 1983 action, and seeks leave to proceed in forma pauperis (IFP). We grant Beyer leave to proceed IFP, and we vacate the judgment, and remand for further proceedings.

After Beyer filed this action, alleging that Officer Stapleton used excessive force against Beyer in August 2011 while he was detained in the Pulaski County Jail (Jail), the district court granted Beyer IFP status and appointed the United States Marshals Service (Marshal) to serve Stapleton. The Marshal made one service attempt at the Jail--the address provided by Beyer--and was advised that Stapleton no longer worked there; the court then directed Beyer to notify the court of Stapleton's whereabouts within 20 days. Beyer filed papers in which he explained that he was in administrative segregation in another prison, he had no access to the law library, and his friends and family were unable to assist him in locating Stapleton. Beyer requested appointment of counsel, or an investigator, for assistance in locating Stapleton; he also pointed out that the Jail should have information that would help in locating her, including alternative means of contact that she would have provided while employed there. The court granted two extensions of time for Beyer to provide a correct address for Stapleton, but when he was unable to do so, the court dismissed the action without prejudice for failure to prosecute. See Fed. R. Civ. P. 4(m).

Although a plaintiff bears the burden of providing proper service information, see Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam), we believe that Beyer showed "good cause" for failing to serve Stapleton, thereby entitling him to an additional extension of time, see Fed. R. Civ. P. 4(m) (if plaintiff shows "good cause" for failure to serve, court must extend time for service for appropriate period); Lujano v. Omaha Pub. Power Dist., 30 F.3d 1032, 1035 (8th Cir. 1994) (good cause requires at least excusable neglect, which in turn requires good faith effort to comply with rule, and reasonable basis for noncompliance); Chorosevic v. MetLife Choices, 600 F.3d 934, 946 (8th Cir. 2010) (excusable neglect is elastic concept that empowers

courts to provide relief where failure to meet deadline is caused by, inter alia, intervening circumstances beyond party's control; determination is at bottom equitable, and takes account of all relevant circumstances surrounding omission). Because Beyer contended that the Jail might have information that could lead to the discovery of Stapleton's whereabouts, the court should have ordered the Marshal to obtain whatever information the Jail might have. Cf. Lindsey v. U.S. R.R. Ret. Bd., 101 F.3d 444, 446 (5th Cir. 1996) (once IFP plaintiff has taken reasonable steps to identify defendants, court must issue process to Marshal, who in turn must effectuate service); Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

In these circumstances, we find the court abused its discretion in dismissing the action for Beyer's failure to provide a correct address for Stapleton. See Mack v. Dillon, 594 F.3d 620, 622 (8th Cir. 2010) (per curiam) (standard of review); Richardson v. Johnson, 598 F.3d 734, 739-40 (11th Cir. 2010) (unreasonable to expect incarcerated pro se prisoner-litigants to provide current addresses of prison-guard defendants who no longer work at prison).

Accordingly, we vacate the judgment and remand this matter for further proceedings consistent with this opinion. We also direct the district court to order the Marshal to seek Stapleton's last-known contact information, including any alternative contact information, from the Jail, and to re-attempt service on her.

_____